Ramon V. **GONZALEZ**, Plaintiff— Appellant,

v.

William **SPECTOR**, M.D., Defendant—Appellee.

No. 01–17552.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002 *.

Decided Aug. 22, 2002.

Before: SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM \*\***

Ramon V. Gonzalez, a Nevada state prisoner, appeals pro se the district court's judgment dismissing without prejudice for failure to exhaust administrative remedies in his 42 U.S.C. § 1983 action alleging prison medical professionals were deliberately indifferent to his medical needs when they failed to immediately transfer him to a hospital for bowel obstruction surgery when he reported lower abdominal pain. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the dismissal, *Wyatt v. Terhune* 280 F.3d 1238, 1244–45 (9th Cir.2002), and for abuse of discretion the denial of reconsideration, *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1262 (9th Cir.1993). We affirm.

The district court properly dismissed Gonzalez's action without prejudice because Gonzalez admitted in his complaint that he did not attempt to file an administrative grievance. *See Booth v. Churner,* 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Gonzalez's contentions that administrative procedures could not remedy his medical injuries, and that he could not have filed a timely grievance because he was incapacitated for 21 days following surgery are unavailing. Gonzalez has not shown that a late filing would have been rejected. The exhaustion requirement is mandatory. *See id.*

**AFFIRMED.**

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.